UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA      :

                             :     SEALED

       - v. -              :     SUPERSEDING

                             :     INDICTMENT

KARLOS ALBERTO DE LA PUERTA     :
      RODRIGUEZ,                 :     S3 18 Cr. 782
EDUARDO COCA BRISENO,           :
HANNIEL E. GONZALEZ,            :
      a/k/a "Tocayo,"          :
RAMON DE LA PUERTA RODRIGUEZ,    :
JORGE ALFREDO MONTANEZ BECERRA,   :
      a/k/a "Jose Alberto Mendoza   :
      Juarez,"                  :
      a/k/a "Jose Juarez,"       :
      a/k/a "Jose Juarez Mendoza,"   :
      a/k/a "Jose Mendoza-Juarez,"   :
      a/k/a "Adrian Becerra-      :
      Torrez,"                  :
MARIA TERESA CARBAJAL SESMA, and   :
SANDRA MARIA DE OLIVEIRA LINDO,   :

                Defendants.     :

- - - - - - - - - - - - - - - - - - -X

## COUNT ONE
(Conspiracy to Commit Money Laundering)

The Grand Jury charges:

1.    From at least in or about 2016, through in or about May 2017, in the Southern District of New York and elsewhere, KARLOS ALBERTO DE LA PUERTA RODRIGUEZ, EDUARDO COCA BRISENO, HANNIEL E. GONZALEZ, a/k/a "Tocayo," and RAMON DE LA PUERTA RODRIGUEZ, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to engage in money laundering offenses, in

violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B), (a)(2)(A), (a)(2)(B), and 1957(a).

2. It was a part and an object of the conspiracy that KARLOS ALBERTO DE LA PUERTA RODRIGUEZ, EDUARDO COCA BRISENO, HANNIEL E. GONZALEZ, a/k/a "Tocayo," and RAMON DE LA PUERTA RODRIGUEZ, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), knowing that the transactions were designed in whole and in part to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

3. It was a further part and an object of the conspiracy that KARLOS ALBERTO DE LA PUERTA RODRIGUEZ, EDUARDO COCA BRISENO,

HANNIEL E. GONZALEZ, a/k/a "Tocayo," and RAMON DE LA PUERTA RODRIGUEZ, the defendants, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B).

4.      It was a further part and an object of the conspiracy that KARLOS ALBERTO DE LA PUERTA RODRIGUEZ, EDUARDO COCA BRISENO, HANNIEL E. GONZALEZ, a/k/a "Tocayo," and RAMON DE LA PUERTA RODRIGUEZ, the defendants, and others known and unknown, transported, transmitted, and transferred, and attempted to

3

transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), in violation of Title 18, United States Code, Section 1956(a)(2)(A).

5.    It was a further part and an object of the conspiracy that KARLOS ALBERTO DE LA PUERTA RODRIGUEZ, EDUARDO COCA BRISENO, HANNIEL E. GONZALEZ, a/k/a "Tocayo," and RAMON DE LA PUERTA RODRIGUEZ, the defendants, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds represented the proceeds of some form of unlawful activity, and knowing that the transaction was

4

designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act); knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B).

6.    It was a further part and an object of the conspiracy that KARLOS ALBERTO DE LA PUERTA RODRIGUEZ, EDUARDO COCA BRISENO, HANNIEL E. GONZALEZ, a/k/a "Tocayo," and RAMON DE LA PUERTA RODRIGUEZ, the defendants, and others known and unknown, within the United States, in an offense involving and affecting interstate and foreign commerce, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit: (i) felonious narcotics offenses, in

5

violation of Title 21, United States Code and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), in violation of Title 18, United States Code, Section 1957(a).

Overt Acts

7.    In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On or about August 24, 2016, KARLOS ALBERTO DE LA PUERTA RODRIGUEZ, the defendant, arranged for a co-conspirator to retrieve approximately $600,000 in narcotics proceeds in the United States, which proceeds KARLOS ALBERTO DE LA PUERTA RODRIGUEZ intended to be wired to Mexico.

b.    On or about September 6, 2016, EDUARDO COCA BRISENO, the defendant, arranged for the retrieval of approximately $260,000 in narcotics proceeds in the United States (the "$260,000"). HANNIEL E. GONZALEZ, a/k/a "Tocayo," the defendant, transported the $260,000 within the United States. A co-conspirator not named as a defendant herein ("CC-1") received the $260,000 in Mexico via wire transfer.

c.    On or about November 30, 2016, RAMON DE LA PUERTA RODRIGUEZ, the defendant, delivered approximately $340,000 in narcotics proceeds in Manhattan for transfer to Mexico on behalf of KARLOS ALBERTO DE LA PUERTA RODRIGUEZ.

(Title 18, United States Code, Section 1956(h).)

### COUNT TWO
(Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

8.    From at least in or about 2017, through in or about May 2018, in the Southern District of New York and elsewhere, JORGE ALFREDO MONTANEZ BECERRA, a/k/a "Jose Alberto Mendoza Juarez," a/k/a "Jose Juarez," a/k/a "Jose Juarez Mendoza," a/k/a "Jose Mendoza-Juarez," a/k/a "Adrian Becerra-Torrez," MARIA TERESA CARBAJAL SESMA, and SANDRA MARIA DE OLIVEIRA LINDO, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to engage in money laundering offenses, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B), (a)(2)(A), (a)(2)(B), and 1957(a).

9.    It was a part and an object of the conspiracy that JORGE ALFREDO MONTANEZ BECERRA, a/k/a "Jose Alberto Mendoza Juarez," a/k/a "Jose Juarez," a/k/a "Jose Juarez Mendoza," a/k/a "Jose Mendoza-Juarez," a/k/a "Adrian Becerra-Torrez," MARIA TERESA

7

CARBAJAL SESMA, and SANDRA MARIA DE OLIVEIRA LINDO, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), knowing that the transactions were designed in whole and in part to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

10.   It was a further part and an object of the conspiracy that JORGE ALFREDO MONTANEZ BECERRA, a/k/a "Jose Alberto Mendoza Juarez," a/k/a "Jose Juarez," a/k/a "Jose Juarez Mendoza," a/k/a "Jose Mendoza-Juarez," a/k/a "Adrian Becerra-Torrez," MARIA TERESA CARBAJAL SESMA, and SANDRA MARIA DE OLIVEIRA LINDO, the defendants, and others known and unknown, knowing that the property involved

8

in certain financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B).

11. It was a further part and an object of the conspiracy that JORGE ALFREDO MONTANEZ BECERRA, a/k/a "Jose Alberto Mendoza Juarez," a/k/a "Jose Juarez," a/k/a "Jose Juarez Mendoza," a/k/a "Jose Mendoza-Juarez," a/k/a "Adrian Becerra-Torrez," MARIA TERESA CARBAJAL SESMA, and SANDRA MARIA DE OLIVEIRA LINDO, the defendants, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States

9

to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), in violation of Title 18, United States Code, Section 1956(a)(2)(A).

12.    It was a further part and an object of the conspiracy that JORGE ALFREDO MONTANEZ BECERRA, a/k/a "Jose Alberto Mendoza Juarez," a/k/a "Jose Juarez," a/k/a "Jose Juarez Mendoza," a/k/a "Jose Mendoza-Juarez," a/k/a "Adrian Becerra-Torrez," MARIA TERESA CARBAJAL SESMA, and SANDRA MARIA DE OLIVEIRA LINDO, the defendants, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and

10

disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B).

13.   It was a further part and an object of the conspiracy that JORGE ALFREDO MONTANEZ BECERRA, a/k/a "Jose Alberto Mendoza Juarez," a/k/a "Jose Juarez," a/k/a "Jose Juarez Mendoza," a/k/a "Jose Mendoza-Juarez," a/k/a "Adrian Becerra-Torrez," MARIA TERESA CARBAJAL SESMA, and SANDRA MARIA DE OLIVEIRA LINDO, the defendants, and others known and unknown, within the United States, in an offense involving and affecting interstate and foreign commerce, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to

11

wit: (i) felonious narcotics offenses, in violation of Title 21, United States Code and (ii) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act), in violation of Title 18, United States Code, Section 1957(a).

Overt Acts

14.  In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  On or about October 27, 2017, JORGE ALFREDO MONTANEZ BECERRA, a/k/a "Jose Alberto Mendoza Juarez," a/k/a "Jose Juarez," a/k/a "Jose Juarez Mendoza," a/k/a "Jose Mendoza-Juarez," a/k/a "Adrian Becerra-Torrez," MARIA TERESA CARBAJAL SESMA, and SANDRA DE OLIVEIRA LINDO, the defendants, and a co-conspirator not named as a defendant herein ("CC-2"), met in Mexico and agreed to continue working together to transport narcotics proceeds from the United States to Mexico.

b.  On or about January 10, 2018, CARBAJAL SESMA and DE OLIVEIRA LINDO agreed to retrieve narcotics proceeds in the Bronx (the "Bronx Narcotics Proceeds") on behalf of MONTANEZ BECERRA.  On or about January 19, 2018, CC-1 received the Bronx

12

Narcotics Proceeds in Mexico.  The Bronx Narcotics Proceeds were then delivered to MONTANEZ BECERRA.

   c. On or about August 9, 2017, a co-conspirator not named as a defendant herein delivered approximately $100,000 in narcotics proceeds (the "$100,000") that MONTANEZ BECERRA owned.  DE OLIVEIRA LINDO and CC-1 subsequently received wire transfers containing portions of the $100,000.

   d. On or about August 14, 2017, a co-conspirator not named as a defendant herein delivered approximately $110,000 in narcotics proceeds (the "$110,000") that MONTANEZ BECERRA owned.  DE OLIVEIRA LINDO, CC-1, and CC-2 subsequently received wire transfers containing portions of the $110,000.

   (Title 18, United States Code, Section 1956(h).)

## COUNT THREE
(Conspiracy to Import Narcotics)

The Grand Jury further charges:

15. From at least in or about July 2017, up to and including in or about May 2018, in an offense committed outside the territorial jurisdiction or any particular state or district in the United States, JORGE ALFREDO MONTANEZ BECERRA, a/k/a "Jose Alberto Mendoza Juarez," a/k/a "Jose Juarez," a/k/a "Jose Juarez Mendoza," a/k/a "Jose Mendoza-Juarez," a/k/a "Adrian Becerra-Torrez," the defendant, who will first be brought to and arrested

in the Southern District of New York and whose point of entry in the United States will be the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

16.   It was a part and an object of the conspiracy that JORGE ALFREDO MONTANEZ BECERRA, a/k/a "Jose Alberto Mendoza Juarez," a/k/a "Jose Juarez," a/k/a "Jose Juarez Mendoza," a/k/a "Jose Mendoza-Juarez," a/k/a "Adrian Becerra-Torrez," the defendant, and others known and unknown, would and did import into the United States and into the customs territory of the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

17.   It was further a part and an object of the conspiracy that JORGE ALFREDO MONTANEZ BECERRA, a/k/a "Jose Alberto Mendoza Juarez," a/k/a "Jose Juarez," a/k/a "Jose Juarez Mendoza," a/k/a "Jose Mendoza-Juarez," a/k/a "Adrian Becerra-Torrez," the defendant, and others known and unknown, would and did manufacture and distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States from a place outside thereof, in violation of Title

14

21, United States Code, Sections 959(a) and 960(a)(3).

18.   The controlled substances that JORGE ALFREDO MONTANEZ BECERRA, a/k/a "Jose Alberto Mendoza Juarez," a/k/a "Jose Juarez," a/k/a "Jose Juarez Mendoza," a/k/a "Jose Mendoza-Juarez," a/k/a "Adrian Becerra-Torrez," the defendant, conspired to (i) import into the United States and into the customs territory of the United States from a place outside thereof, and (ii) manufacture and distribute, intending and knowing that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States from a place outside thereof, were (i) one kilogram and more of mixtures and substances containing a detectable amount of heroin, and (ii) a quantity of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 960(b)(1)(A) and 960(b)(3).

<u>OVERT ACT</u>

19.   In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt act, among others, was committed:

a.   In or about August 2017, JORGE ALFREDO MONTANEZ BECERRA, a/k/a "Jose Alberto Mendoza Juarez," a/k/a "Jose Juarez," a/k/a "Jose Juarez Mendoza," a/k/a "Jose Mendoza-Juarez," a/k/a

15

"Adrian Becerra-Torrez," the defendant, arranged for heroin to be distributed in Miami, Florida.

(Title 21, United States Code, Sections 959(d), 963; and Title 18 United States Code, Section 3238.)

## FORFEITURE ALLEGATIONS

20. As a result of committing the offenses alleged in Counts One and Two of this Indictment, KARLOS ALBERTO DE LA PUERTA RODRIGUEZ, EDUARDO COCA BRISENO, HANNIEL E. GONZALEZ, a/k/a "Tocayo," RAMON DE LA PUERTA RODRIGUEZ, JORGE ALFREDO MONTANEZ BECERRA, a/k/a "Jose Alberto Mendoza Juarez," a/k/a "Jose Juarez," a/k/a "Jose Juarez Mendoza," a/k/a "Jose Mendoza-Juarez," a/k/a "Adrian Becerra-Torrez," MARIA TERESA CARBAJAL SESMA, and SANDRA MARIA DE OLIVEIRA LINDO, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses and the following specific property:

a.   Bank of America Account Number 435014132872.

21. As a result of committing the offense alleged in Count Three of this Indictment, JORGE ALFREDO MONTANEZ BECERRA, a/k/a

"Jose Alberto Mendoza Juarez," a/k/a "Jose Juarez," a/k/a "Jose Juarez Mendoza," a/k/a "Jose Mendoza-Juarez," a/k/a "Adrian Becerra-Torrez," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## SUBSTITUTE ASSETS PROVISION

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

17

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

          (Title 18, United States Code, Section 982;
        Title 21, United States Code, Section 853; and
        Title 28, United States Code, Section 2461.)

FOREPERSON

AUDREY STRAUSS
Acting United States Attorney

18

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

v.

**KARLOS ALBERTO DE LA PUERTA RODRIGUEZ,**
**EDUARDO COCA BRISENO,**
**HANNIEL E. GONZALEZ,**
a/k/a "Tocayo,"
**RAMON DE LA PUERTA RODRIGUEZ,**
**JORGE ALFREDO MONTANEZ BECERRA,**
a/k/a "Jose Alberto Mendoza Juarez,"
a/k/a "Jose Juarez,"
a/k/a "Jose Juarez Mendoza,"
a/k/a "Jose Mendoza-Juarez,"
a/k/a "Adrian Becerra-Torrez,"
**MARIA TERESA CARBAJAL SESMA,** and
**SANDRA MARIA DE OLIVEIRA LINDO,**

Defendants.

### SEALED SUPERSEDING INDICTMENT

S3 18 Cr. 782

(18 U.S.C. § 1956(h) and
21 U.S.C. § 963.)

AUDREY STRAUSS
Acting United States Attorney

_Foreperson_